UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SEALED PLAINTIFF,

                Plaintiff,

       v.                                        5:08-CV-0474
                                                      (NPM/GHL)
SEALED DEFENDANT,

                Defendant.
_____

APPEARANCES

SEALED PLAINTIFF
Plaintiff *pro se*
07-B-0369
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

    The Clerk has sent to the Court for review a *pro se* complaint submitted for filing by Plaintiff, together with an application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 2.)

    In his *pro se* complaint, Plaintiff alleges that the attorney he retained to defend him against state criminal charges committed legal malpractice. Specifically, Plaintiff alleges that Defendant failed to file any pretrial motions, conduct sufficient pretrial discovery, use medical and administrative documents to prove that Plaintiff lacked criminal intent, call expert witnesses, object to evidence at trial, conduct adequate cross-examination, request necessary jury charges, or object to trial by an 11-person jury. As a result, Plaintiff alleges, he was found guilty and sentenced to 15 years in prison. Plaintiff alleges that Defendant was indefinitely suspended by the Fourth Judicial Department for "his acts of malpractice." The Court notes that the Office of Court Administration's web site lists

Defendant's registration status as "suspended." However, attachments to the complaint indicate that the State of New York Attorney Grievance Committees did not take any disciplinary action against Defendant as a result of Plaintiff's grievance.

Plaintiff labels his cause of action "breach of fiduciary duty, malpractice, and fraud" and states that it is brought under 42 U.S.C. § 1983. Plaintiff invokes this Court's federal question jurisdiction. He does not invoke diversity jurisdiction. The civil case cover sheet states that Plaintiff and Defendants are both citizens of New York. Plaintiff requests $5 million in compensatory damages and $5 million in punitive damages.

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[2] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma*

---

[1] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

*pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Plaintiff's complaint fails to state a claim. Section 1983 permits a person to recover damages from another who has deprived him of his constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." It is well established that criminal defense attorneys, whether private or court-appointed, are not state actors for the purposes of Section 1983. *See Housand v. Heiman*, 594 F.2d 923 (2d Cir. 1979); *Rodriguez v. Weprin*, 116 F.3d 62 (2d Cir. 1997); *Fermin v. Moriarty*, No. 96 Civ. 3022 (MBM), 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003). Plaintiff's claim is thus not cognizable under Section 1983.

Although Plaintiff has arguably stated a state-law claim for attorney malpractice, that claim is not cognizable in this Court. Such a claim would only be cognizable pursuant to this Court's diversity jurisdiction. This Court cannot exercise diversity jurisdiction in this case because, as Plaintiff admits in the civil case cover sheet, Plaintiff and Defendant are both citizens of New York. *See* 28 U.S.C. § 1332.

For the reasons stated above, the pleading, as presented to this Court, cannot be supported by an arguable basis in law and should therefore be dismissed pursuant to 28 U.S.C. § 1915(e).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's complaint (Dkt. No. 1) be dismissed for failure to state a claim; and it is further

**RECOMMENDED** that Plaintiff's *in forma pauperis* application (Dkt. No. 2) be denied as moot, and it is further

**ORDERED**, that the Clerk serve a copy of this Report and Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 23, 2008
      Syracuse, New York

George H. Lowe
United States Magistrate Judge